# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2188

_____

United States of America

*Plaintiff - Appellee*

v.

Omer Abdi Mohamed, also known as Brother Omer, also known as Galeyr

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 13, 2014
Filed: July 2, 2014

_____

Before BYE, MELLOY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Omer Abdi Mohamed pled guilty to one count of conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A(a). He was sentenced to 144 months' imprisonment. He appeals, arguing that the district court[1] (1)

_____

[1] The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

misapplied the terrorism enhancement of the United States Sentencing Guidelines, (2) erred in relying on transcripts from a related trial, (3) erred in finding Mohamed obstructed justice and forfeited his acceptance of responsibility, and (4) imposed an unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Mohamed argues the district court misapplied the terrorism enhancement of U.S.S.G. § 3A1.4. This court reviews de novo the district court's interpretation of the Guidelines. *United States v. Strange*, 102 F.3d 356, 361 (8th Cir. 1996). At sentencing, the district court said:

> To determine whether the crime of conviction was calculated to influence, affect, or retaliate against a government, it is not necessary that the defendant was motivated to retaliate, influence, or affect the conduct of the government.
>
> The enhancement will apply where there is evidence that the defendant intended to promote a crime calculated to have such an effect, that is, that his offenses were intended to promote a federal crime of terrorism as defined in Section 2332b(g)(5), whatever the defendant's reason for committing them.
>
> . . . .
>
> . . . Based on the evidence in the record, the Court finds that the terrorism enhancement clearly applies in this case.
>
> The facts stipulated by the defendant in his plea agreement demonstrates that the defendant's actions involved or were intended to promote crimes that were calculated to influence or affect the activities of the Ethiopian government and the Transitional Federal Government in Somalia.

U.S.S.G. § 3A1.4 provides:

> (a) If the offense is a felony that involved, or was intended to promote, a federal crime of terrorism, increase by 12 levels; but if the resulting offense level is less than level 32, increase to level 32.
>
> (b) In each such case, the defendant's criminal history category from Chapter Four (Criminal History and Criminal Livelihood) shall be Category VI.

Application Note 1 states that the term "federal crime of terrorism" has the meaning given in 18 U.S.C. § 2332b(g)(5), which provides:

> the term "Federal crime of terrorism" means an offense that--
> > (A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and
> > (B) is a violation of--
> > > (i) section . . . 2339A . . .

For the sentencing enhancement to apply, Mohamed's felony must be "calculated to influence or affect the conduct of government by intimidation or coercion." This court has not yet addressed the meaning of the phrase "calculated to influence or affect the conduct of government." Other circuits interpret it as imposing a specific intent requirement. *See, e.g.*, ***United States v. Wright***, 747 F.3d 399, 408 (6th Cir. 2014) ("A defendant has the requisite intent if he or she acted with the purpose of influencing or affecting government conduct and planned his or her actions with this objective in mind."); ***United States v. Hassan***, 742 F.3d 104, 148-49 (4th Cir. 2014) (requiring the district court to find "the specific intent necessary for the terrorism enhancement"); ***United States v. Siddiqui***, 699 F.3d 690, 709 (2d Cir. 2012) (same), *quoting* ***United States v. Awan***, 607 F.3d 306, 317 (2d Cir. 2010).

Mohamed argues that the district court "rejected the clear specific intent requirement" of 18 U.S.C. § 2332b(g)(5). True, the district court said "it is not necessary that the defendant was motivated to retaliate, influence, or affect the conduct of the government." This, however, is not a rejection of the specific intent requirement. As the Second Circuit explained, "motive is simply not relevant." *Awan*, 607 F.3d at 317. "Section 2332b(g)(5)(A) does not require proof of a defendant's particular motive. 'Motive' is concerned with the rationale for an actor's particular conduct. . . . 'Calculation' is concerned with the object that the actor seeks to achieve through planning or contrivance." *Id*. "Calculation may often serve motive, but they are not, in fact, identical. Section 2332b(g)(5)(A) does not focus on the defendant but on his 'offense,' asking whether it was calculated, i.e., planned—for whatever reason or motive—to achieve the stated object." *Id.*

The district court noted that the "facts stipulated by the defendant in his plea agreement demonstrates that the defendant's actions involved or were intended to promote crimes" of terrorism. In the plea agreement, Mohamed admitted that he "assisted men . . . with traveling to Somalia, so that the men could fight against Ethiopian troops who were in Somalia assisting the internationally-recognized Transitional Federal Government." Mohamed's admission shows the requisite specific intent. Mohamed planned his offense—whatever his reasons or motivations—with the purpose of influencing or affecting government conduct. The district court did not err in applying the terrorism enhancement.

Mohamed emphasizes *United States v. Chandia*, 514 F.3d 365, 376 (4th Cir. 2008) (*Chandia I*), but his reliance is misplaced. After three appeals, Chandia's sentence was upheld by the Fourth Circuit, which explained that the district court "did not repeat the mistake of relying solely on Chandia's knowledge of [an organization's] terrorist purpose; it reasonably inferred by a preponderance of the evidence that Chandia intended to advance that purpose in providing material support." **United States v. Chandia**, 675 F.3d 329, 340 (4th Cir. 2012) (*Chandia III*).

Here, unlike *Chandia*, the district court did not rely on the terrorist purpose of Mohamed's co-conspirators, but rather Mohamed's admission about his own calculation.

Mohamed maintains the district court's application of the terrorism enhancement violated his Sixth Amendment rights, saying a "judicially found fact that raises the Guideline sentence from six years to life is inconsistent with the Sixth Amendment." Mohamed's argument is without merit. *United States v. Lee*, 625 F.3d 1030, 1035 (8th Cir. 2010) ("so long as factual findings do not increase a defendant's sentence beyond the penalty authorized for the offense of conviction, there is no Sixth Amendment right to have a jury determine those facts").

II.

Mohamed argues the district court erred at sentencing by relying on the trial transcripts of his co-conspirators. Because Mohamed did not object at the sentencing hearing, this court reviews for plain error. See *United States v. Straw*, 616 F.3d 737, 740 (8th Cir. 2010).

Mohamed's argument is without merit. Congress says, "No limitation shall be placed on information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." **18 U.S.C. § 3661.** The rules of evidence do not apply at a sentencing hearing. **U.S.S.G. § 6A1.3(a)**; **Fed. R. Evid. 1101(d)(3)**. As this court has explained, "[t]he practice of conducting a wide-ranging inquiry at sentencing is reflected in the United States Code, the Federal Rules of Evidence, and the Guidelines themselves." *United States v. Wise,* 976 F.3d 393, 397 (8th Cir. 1992) (en banc). Because the transcripts of co-conspirators were relevant to Mohamed's sentencing inquiry, the district court properly relied on them.

III.

Mohamed argues that the district court erred in finding he obstructed justice and forfeited his acceptance of responsibility. This court "review[s] a district court's factual findings underlying an obstruction of justice enhancement for clear error and its construction and application of the guidelines de novo." *United States v. Mabie*, 663 F.3d 322, 334 (8th Cir. 2011).

U.S.S.G. § 3C1.1 provides:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

Example H says the enhancement applies if the defendant provided "materially false information to a pretrial officer in respect to a presentence or other investigation for the court." Application Note 4 of U.S.S.G. § 3E1.1 states, "Conduct resulting in an enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."

The district court found that Mohamed made a materially false statement to a U.S. Probation Officer about his involvement in ELMI, an Islamic school in Minneapolis. Mohamed attacks this finding, asserting that the district court did not rely on the "best evidence" of his involvement at ELMI. Contrary to Mohamed's contention, the record contains significant evidence that Mohamed had a more significant role at ELMI than he portrayed.

-6-

Mohamed argues that his misstatement or omission was immaterial. Application Note 6 of U.S.S.G. § 3E1.1 states, "'Material' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." Because Mohamed's crime involved conspiracy to provide material support to terrorists, his role at ELMI was directly relevant, as it gave him the opportunity to aid in recruitment efforts. Mohamed's misstatement or omission hindered the U.S. Probation Officer's ability to supervise him. The district court's finding is not clear error.

IV.

Mohamed attacks the reasonableness of his sentence, arguing it was excessive and in stark disparity with the sentence of his three co-conspirators. One of those men received ten years; the other two received three years. This court reviews "the substantive reasonableness of a sentence for abuse of discretion." *United States v. Gonzales*, 742 F.3d 815, 817 (8th Cir. 2014).

Mohamed's sentence was below the guidelines range, and nothing in the record indicates that the district court abused its discretion by sentencing him to 144 months. "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Worthey*, 716 F.3d 1107, 1116 (8th Cir. 2013), *quoting United States v. Spencer*, 700 F.3d 317, 322 (8th Cir. 2013).

Among the factors to be considered at sentencing is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." **18 U.S.C. § 3553(a)(6)**. However, "[i]t is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are 'legitimate distinctions' between the

co-defendants." ***United States v. Johnson***, 688 F.3d 444, 448 (8th Cir. 2012), *quoting* ***United States v. Davis–Bey***, 605 F.3d 479, 483 (8th Cir. 2010). Mohamed argues that, because the comparators were equally or more culpable, the district court abused its discretion by creating an unwarranted disparity between their sentences. Unlike his co-conspirators, Mohamed obstructed justice and did not receive acceptance of responsibility credit—a legitimate distinction between Mohamed and the comparators. *See* ***United States v. Sandoval–Sianuqui***, 632 F.3d 438, 444-45 (8th Cir. 2011) (holding that defendants are not similarly situated for sentencing purposes where one defendant accepts responsibility but the other does not).

* * * * * * *

The judgment of the district court is affirmed.

_____