# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3569

_____

United States of America

*Plaintiff - Appellee*

v.

Paul Petersen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 24, 2021
Filed: January 10, 2022

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Paul Petersen pled guilty to running a criminal enterprise that smuggled pregnant Marshallese women into the United States and profited by putting their infants up for adoption, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(I). The

district court[1] sentenced him to 74 months of imprisonment and fined him $100,000. He appeals both the sentence and the fine. We affirm.

## I. Background

Paul Petersen, a licensed attorney, devised and ran a criminal adoption scheme where he and others working for him profited by paying to induce pregnant women from the Marshall Islands to give up their infants for adoption. He arranged for the women to travel to and within the United States to give birth and then adopt out their infants. He instructed the women to lie about the nature of their travel, causing false statements to be filed in state courts. His scheme involved economic coercion and imposed harsh living conditions on some of the women.

Petersen's scheme violated federal law. Under the Amended Compact of Free Association between the United States and Marshall Islands, Marshallese citizens can generally enter the United States as nonimmigrants without a visa but cannot freely enter the United States for the purpose of placing a child up for adoption. Pub. L. No. 108-188, 117 Stat. 2720, § 141(a), (b) (2003). Petersen thus directed the pregnant Marshallese women to circumvent and violate federal immigration laws by making, or being prepared to make, false statements to immigration authorities regarding the purpose of their travel. The federal government charged Petersen with nineteen counts in a superseding indictment.

Petersen pled guilty to the first count of the superseding indictment, charging him with conspiracy to knowingly smuggle aliens into and throughout the United States in violation of law for commercial advantage and private financial gain. *See* 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I). At sentencing, the district court calculated Petersen's recommended sentencing range under the United States Sentencing Guidelines Manual ("Guidelines") as 37 to 46 months of imprisonment and a fine

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

range of $15,000 to $150,000. The district court then varied upward and sentenced Petersen to 74 months of imprisonment. The district court also fined Petersen $100,000.

## II. Analysis

Petersen appeals the substantive reasonableness of his sentence and both the imposition and amount of the fine. We address each in turn.

### A. Substantive Reasonableness

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Gifford*, 991 F.3d 944, 946 (8th Cir. 2021). It is an "unusual case when we reverse a district court[] sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Hewitt*, 999 F.3d 1141, 1149 (8th Cir. 2021) (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)). A district court abuses its sentencing "discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id.* (cleaned up) (quoting *Feemster*, 572 F.3d at 461). None of these circumstances apply here.

Petersen confines his argument to the third circumstance, arguing the district court committed two clear errors of judgment. He first faults the district court for "double counting" factors under 18 U.S.C. § 3553(a) that were already accounted for under the Guidelines. He also contends the district court erred in applying the unwarranted sentencing disparity factor. Both contentions lack merit.

-3-

First, courts may vary upward based on factors already considered under the Guidelines if they determine "the weight the Guidelines assigned to a particular factor was insufficient[.]" *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018). The district court made that determination here. Specifically, it found that the Guidelines failed to adequately account for Petersen's role as an attorney and public official, his role as a leader and organizer of the offense, and the duration of his crime. The district court did not commit a clear error of judgment.

Second, the district court appropriately applied the unwarranted sentencing disparity factor. *See* 18 U.S.C. § 3553(a)(6). The district court compared and contrasted Petersen from other allegedly similar offenders, though it was not required to do so. *See United States v. Keys*, 918 F.3d 982, 989 (8th Cir. 2019) ("We have repeatedly declined to require district judges to compare and contrast the defendant being sentenced with allegedly similar prior offenders."). The district court explained why it considered Petersen "unique" from others who received shorter sentences: Petersen arranged the sale of infants for personal profit; he did so for many years and in three states; he did so while serving as a public official; his crime involved a significant fraudulent scheme against the State of Arizona; he repeatedly lied and instructed others to do so; and he fully knew the illegality of his conduct. Petersen does not show the district court committed a clear error of judgment here. We thus affirm the substantive reasonableness of Petersen's sentence.

## B. Fine

In this circuit, our precedent indicates that we review both the decision to impose a fine and the fine's amount for clear error. *United States v. Morais*, 670 F.3d 889, 893 (8th Cir. 2012).[2] The district court did not clearly err here.

---

[2]Because the imposition of a fine under U.S.S.G. § 5E1.2(a) is dependent upon factual determinations, clear error review is appropriate as to the decision to impose a fine. Other circuits review the reasonableness of the fine itself for abuse of

-4-

First, the district court did not clearly err in deciding to impose a fine. The Guidelines advise imposing a fine "in all cases" unless a defendant shows "he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a); *see also United States v. Kelley*, 861 F.3d 790, 801 (8th Cir. 2017). The district court found two alternative reasons for imposing a fine. It initially imposed a fine because it determined Petersen likely had access to liquid assets owned by his ex-wife, with whom he had reunified and was living. Even if this finding was erroneous, the district court did not clearly err in alternatively imposing a fine based on Petersen's future ability to pay because of his prior legal education and employment.

Second, the district court did not err in imposing a fine within the Guidelines range. *See* U.S.S.G. § 5E1.2(c)(3). Petersen argues both that the district court did not consider the burden the fine would have on his four minor children and that it improperly punished him for inappropriate reasons. Though the district court did not explicitly reference Petersen's children while imposing a fine, it was not required to "provide detailed findings on each of the factors" for imposing fines, *see Morais*, 670 F.3d at 894, and it strains credulity to conclude the district court did not consider Petersen's children. Petersen's children and their future welfare were discussed throughout the sentencing hearing. This is sufficient consideration. *See* 18 U.S.C. § 3572(a)(2) (sentencing court must consider a fine's burden on "any person who is financially dependent on the defendant"). The district court must also consider the need for just punishment in imposing a fine, so a heightened fine to punish Petersen was not error. *See* 18 U.S.C. § 3553(a)(2)(A); U.S.S.G. § 5E1.2(d)(1). We thus affirm the district court's $100,000 fine.

---

discretion. *See, e.g.*, *United States v. Zukerman*, 897 F.3d 423, 428 (2d Cir. 2018). Whether this distinction can be made under our precedent is unclear and need not be decided in this case as Petersen does not prevail under either standard.

## III. Conclusion

The district court did not abuse its discretion in sentencing Petersen to 74 months of imprisonment, nor did it clearly err in fining him $100,000. We affirm the district court's judgment.

_____