# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-1095
_____

United States of America

*Plaintiff - Appellee*

v.

Darnell Lapriest Morgan, also known as DADA

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: September 18, 2023
Filed: October 16, 2023
[Unpublished]
_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Darnell Lapriest Morgan pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C.

§§ 846, 841(a)(1), 841(b)(1)(C), and 2. The district court[1] sentenced Morgan to 177 months' imprisonment, varying upward from the advisory sentencing range under the U.S. Sentencing Guidelines. Morgan appeals, arguing that his sentence is procedurally and substantively unreasonable and that the district court failed to give notice of its intent to vary. We affirm.

Morgan and his brother Darryl Morgan, Jr., moved from Detroit, Michigan, to Dickinson, North Dakota, in 2014 and began trafficking drugs in 2017. By 2019, they were distributing opioids, methamphetamine, and marijuana. Law enforcement officers received reports that the drugs were being sent from Detroit to Dickinson and that the Morgans were selling drugs to high school students.

The drugs distributed by the brothers resulted in at least two overdoses. A mother called 911 in October 2019, after her son overdosed on drugs purchased from Morgan. He was revived with Narcan and transported to the hospital. Two months later, another individual overdosed on drugs purchased from Darryl Morgan. A November 17, 2020, search of the brothers' residence revealed heroin, methamphetamine, drug paraphernalia, and a firearm. Morgan was arrested and eventually transferred from state to federal custody.

Following Morgan's guilty plea, the probation office prepared a presentence report, which the district court adopted at sentencing. Morgan's total offense level was 29, after his base offense level of 30 was increased by 2 for possessing a firearm and ammunition in furtherance of a drug trafficking crime, U.S.S.G. § 2D1.1(b)(1), and decreased by 3 for accepting responsibility, U.S.S.G. § 3E1.1. With a criminal history category of III, his Guidelines sentencing range was 108 to 135 months' imprisonment.

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

Morgan's sentencing memorandum argued that he had not cooperated with the government because to do so "would cause others to become incarcerated and while controlled substances may have been intercepted, many fathers, brothers, sons, cousins, uncles, and members of the community would become incarcerated and that would be the greater evil in his community." At sentencing, defense counsel argued that Morgan decided to not cooperate so that he could take responsibility for his actions. In response to Morgan's sentencing colloquy statement that it was not his "business to pin nobody else in trouble" and that he wanted to protect his family, the district court replied:

> [S]ome people would suggest to you that protecting your family might be protecting them from other drug dealers who might sell drugs to your family because that's what has happened here is that your conduct has harmed other people because you selling drugs has caused people to overdose and die. You selling drugs has caused parents to lose their children, children to lose their parents.

After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court determined that the Guidelines range failed to adequately address that Morgan's offense involved the presence of a weapon or that he had committed the offense while free on bond. It sentenced Morgan to 177 months' imprisonment, an upward variance of 42 months. Morgan did not object to the presentence report or to the district court's imposition of sentence. The district court later sentenced Darryl Morgan to 135 months' imprisonment.

We reject Morgan's argument that he was entitled to notice of the district court's intent to vary from the Guidelines sentencing range. Federal Rule of Criminal Procedure 32(h) requires the court to give notice when it is contemplating a departure on a ground not identified in the presentence report or in a prehearing submission. Notice is not required, however, when the district court is contemplating a variance. See United States v. Foy, 617 F.3d 1029, 1035 (8th Cir. 2010) (district court "not

required to provide advance notice of its intent to vary upwardly"); United States v. Long Soldier, 431 F.3d 1120, 1122 (8th Cir. 2005) (Rule 32(h) notice "not required when the adjustment to the sentence is effected by a variance, rather than by a departure").

Morgan argues that the district court committed procedural error by selecting a sentence based on its unfounded assertion that deaths had resulted from the drugs Morgan had distributed and by failing to adequately explain its reasons for varying upward. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (a court commits procedural error when it "select[s] a sentence based on clearly erroneous facts" or when it "fail[s] to adequately explain the chosen sentence" (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Because Morgan did not object to these alleged procedural errors, we review only for plain error. See United States v. Olano, 507 U.S. 725, 732–34 (1993) (to establish plain error, the defendant must show an error, that is plain, and that affected the defendant's substantial rights).

Because there is no evidence in the record that anyone had died from the drugs Morgan had distributed, the district court's statement to that effect lacked a basis in fact. The district court did not cite overdose deaths as a reason for varying upward, however, and the record does not indicate that the court relied upon that unsupported assertion in deciding Morgan's sentence. We thus conclude that Morgan has not shown that any error affected his substantial rights. See Olano, 507 U.S. at 734 (to affect substantial rights, the error usually "must have been prejudicial," *i.e.*, "[i]t must have affected the outcome of the district court proceedings"). We also conclude that although the explanation for the variance was brief, it was not inadequate. See United States v. Anderson, 926 F.3d 954, 958 (8th Cir. 2019) (to explain an upward variance, "all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors" (quoting United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008)).

Morgan next argues that his sentence is substantively unreasonable because the district court relied upon factors that the Guidelines had already addressed, as well as upon improper factors, including his non-cooperation. We conclude that the district court acted within its discretion in determining that the Guidelines sentencing range did not adequately address the fact that Morgan was on bond-released status when he committed the offense or that he possessed a firearm. See United States v. Petersen, 22 F.4th 805, 807 (8th Cir. 2022) (standard of review). Morgan had been arrested for drug-distribution and firearm offenses in November 2019, as well as for child endangerment for having caused a child "to be exposed to, ingest or inhale, or have contact with controlled substances." Despite having distributed drugs that resulted in an overdose in October 2019, having been arrested in November 2019, and having been thereafter released on bond, Morgan nevertheless continued his drug-distribution and firearm-possession activities until his arrest in late 2020, thereby demonstrating his inability or unwillingness to conform to the law. The district court did not err in considering Morgan's ongoing law-defying behavior in deciding to vary upward. See id. at 808 ("[C]ourts may vary upward based on factors already considered under the Guidelines if they determine the weight the Guidelines assigned to a particular factor was insufficient." (cleaned up)). Moreover, the district court's discussion of non-cooperation came in response to Morgan's assertion that his decision to not cooperate should be viewed favorably at sentencing and reflected a counterpoint to that argument.

Morgan's final argument is that his sentence is substantively unreasonable because the district court failed to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(6). He contends that there is no logical basis for his 42-month upward variance in light of his brother's Guidelines sentence, despite the fact that Darryl Morgan was more culpable, had a Guidelines sentencing range of 120 to 135 months' imprisonment, had a similar background, and likewise did not cooperate with law enforcement. Darryl Morgan had not been convicted of

a prior drug-trafficking offense, however, nor did he have a prior firearms conviction. The difference in their criminal histories constituted a legitimate distinction between the brothers, and "it is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are legitimate distinctions between" them. United States v. Mohamed, 757 F.3d 757, 762 (8th Cir. 2014) (cleaned up).

The judgment is affirmed.

_____