# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1291
_____

United States of America

*Plaintiff - Appellee*

v.

Corey Joe Barnhart

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: October 16, 2023
Filed: December 4, 2023
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Corey Joe Barnhart pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court[1] sentenced him to 216 months in prison to be served consecutively to his

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Court Judge for the Southern District of Iowa.

undischarged state sentences. It imposed a fine of $20,000. He appeals the sentence and fine. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Barnhart argues his below-guidelines sentence (guidelines range 262 to 327 months) is substantively unreasonable. This court reviews for abuse of discretion. *United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The court considered the § 3553(a) factors in sentencing Barnhart. It recognized the seriousness of the offense, including the multiple types of controlled substances and their distribution quantities. It noted that he was likely "engaged in far greater drug trafficking than the seized items indicate." It discussed his multiple prior terms of supervision, all of which were unsuccessful. And it recognized the mitigating factors, including his difficult childhood, exposure to drugs at a young age, history of substance abuse, and mental health issues. Barnhart argues the court failed to consider that his prior convictions were non-violent. But the court properly characterized these convictions as "multiple prior controlled substance offenses." The court did not abuse its discretion in declining to vary further from the guidelines. *See United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009) (holding that "it is nearly inconceivable that the court abused its discretion in not varying downward still further").

## II.

Barnhart asserts the court erred in imposing his federal sentence consecutively to his undischarged state sentences. A district court may impose a sentence concurrently or consecutively to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). Deciding this issue, the court "shall consider . . . the factors set forth in

section 3553(a)." 18 U.S.C. § 3584(b). The court did so here, noting it was "a very serious offense falling on the heels of multiple prior very serious controlled substance offenses. So the nature and circumstances of the offense are obviously incredibly aggravating." The court also considered "protecting the public based upon the defendant's recidivism here." The court did not abuse its discretion in determining that the § 3553(a) factors warranted a consecutive sentence. *See United States v. Dunlap*, 2023 WL 4881468, at *1 (8th Cir. Aug. 1, 2023) (unpublished) (holding no abuse of discretion in imposing a consecutive sentence "especially in light of Dunlap's criminal history").

III.

Barnhart challenges the court's imposition of a $20,000 fine. This court reviews for clear error. *United States v. Peterson*, 22 F.4th 805, 808 (8th Cir. 2022). The guidelines advise imposing a fine "in all cases" unless a defendant "establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The advisory guideline range for the fine was $35,000 to 10,000,000. The government requested $68,000. Imposing the fine, the court considered "the financial information provided in the presentence investigation report, the defendant's age, his assets, and the length of time that he's due to be incarcerated." Barnhart argues the fine is "beyond his ability to pay." The record shows otherwise. His assets included at least two vehicles and two residences without mortgages and with a value of over $100,000. The court did not clearly err in imposing the fine. *See United States v. Morais*, 670 F.3d 889, 894 (8th Cir. 2012) (holding no clear error in imposing a fine based on defendant's assets, employment, and education).

* * * * * * *

The judgment is affirmed.

_____