# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-2348
_____

United States of America

*Plaintiff - Appellee*

v.

James Demon Mitchell, also known as James Mitchell, also known as Yola, also known as Gino

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: February 12, 2024
Filed: May 2, 2024
[Unpublished]
_____

Before SMITH, Chief Judge,[1] BENTON and STRAS, Circuit Judges.
_____

PER CURIAM.

James Demon Mitchell pled guilty to possession with intent to distribute 40 grams or more of fentanyl, in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1) and

---

[1]Judge Smith completed his term as chief judge of the circuit on March 10, 2024. *See* 28 U.S.C. § 45(a)(3)(A).

841(b)(1)(B) and falsifying a statement during purchase of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A) and 18 U.S.C. § 2. The district court varied upward, sentencing him to 60 months on the firearm charge and a consecutive 120 months on the drug charge. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Mitchell believes the court procedurally erred by basing the sentence on the fact that he was "part of a larger trafficking organization" and that he was "involved in drug trafficking activity in the New Town, North Dakota, area." He also believes the court procedurally erred by failing to consider unwarranted sentencing disparities between him and his co-defendant. Mitchell did not object at sentencing, and review is for plain error. *See United States v. Timberlake*, 679 F.3d 1008, 1011 (8th Cir. 2012) (holding that if "a defendant fails to timely object to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error"). Under plain error review, Mitchell must show an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Barthman*, 919 F.3d 1118, 1120-21 (8th Cir. 2019).

The unobjected-to facts in the presentence investigation report (PSR) support the district court's finding that Mitchell operated within a network of distributors. *See United States v. Cloud*, 956 F.3d 985, 987 (8th Cir. 2019) (holding that a district court may vary upward based on uncontested facts in the PSR). The PSR stated that: (1) investigators identified "several drug traffickers traveling from Michigan to North Dakota to sell opiate pills;" (2) many of these individuals stayed at a residence on Mayflower Drive in Bismarck; (3) police seized thousands of fentanyl pills from this residence; (4) Mitchell was working with his co-defendant to distribute these pills; (5) Mitchell was on his way to the residence when the pills were seized; and (6) Mitchell acknowledged "he was caught up in his own drug use and was involved in the conspiracy for a few months."

The facts also supported the district court's finding that Mitchell was involved in drug trafficking in the New Town, North Dakota area. He executed and filed an initial plea agreement acknowledging that he traveled to and stayed on the Fort Berthold Indian Reservation to distribute pills, tablets, and powders containing oxycodone, fentanyl, and methamphetamine. The district court was permitted to consider these facts during sentencing. *See, e.g.*, *United States v. Hogue*, 66 F.4th 756, 764 (8th Cir. 2023) (district court may consider any relevant information that may assist the court in determining a fair and just sentence); *United States v. Reynolds*, 432 F.3d 821, 824 (8th Cir. 2005) (district court may rely on facts in the plea agreement in sentencing).

The court did not procedurally err in sentencing Mitchell.

II.

Mitchell asserts the district court substantively erred in sentencing him. This court reviews for abuse of discretion. *United States v. Petersen*, 22 F.4th 805, 807 (8th Cir. 2022). A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only appropriate factors but in weighing those factors commits a clear error of judgment." *Id*. It "will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Mitchell claims his sentence was inappropriately disparate from his co-defendants. This claim has no merit. The statutory directive to avoid sentencing disparities refers to national disparities, not differences between co-defendants. *United States v. Armstrong*, 39 F.4th 1053, 1059 (8th Cir. 2022). Relief based on differences between co-defendants is an "unusual circumstance." *United States v. Merrett*, 8 F.4th 743, 753 (8th Cir. 2021). There must be both (1) an "extreme disparity" between "similarly situated conspirators," and (2) a consolidated appeal

involving both conspirators that permits a remand for resentencing of both parties. *Id*. Neither of these circumstances exists here. There is no consolidated appeal. Mitchell and his co-defendant are not similarly situated because Mitchell pled guilty to an additional charge. *See id*. at 754 (holding co-defendants not similarly situated because they had different criminal history categories).

Mitchell contends the court placed too much emphasis on a prior firearm offense. A sentencing court may vary upward based on criminal history already accounted for by the guidelines if the weight the guidelines assigned to a particular factor was insufficient. *Petersen*, 22 F.4th at 808. Here, the district court identified two matters it considered "significant," even though they were already accounted for in the guideline calculations: (1) the distribution of fentanyl, and its potential for serious harm to those who ingest it; and (2) Mitchell's *second* conviction for a firearms violation. *See United States v. Cortez*, 72 F.4th 1344, 1345 (8th Cir. 2023) (affirming an upward variance where the district court was concerned with fentanyl's "unique lethality"). Mitchell's disagreement with how the district court weighed the relevant sentencing factors does not justify reversal. *United States v. Jones*, 71 F.4th 1083, 1087 (8th Cir. 2023).

Mitchell thinks the court abused its discretion in imposing consecutive sentences. Under 18 U.S.C. § 3584, "a district court has the discretion to impose a sentence concurrently or consecutively based on the same § 3553(a) factors as other sentencing decisions." *United States v. Boyum*, 54 F.4th 1012, 1016 (8th Cir. 2022). "Even if the guidelines do not recommend that sentences run consecutively, the district court has broad authority, pursuant to 18 U.S.C. § 3584, to impose consecutive terms." *United States v. Fight*, 625 F.3d 523, 525 (8th Cir. 2010). The "district court must explain its reasoning for imposing a concurrent or consecutive sentence." *United States v. McDonald*, 521 F.3d 975, 980 (8th Cir. 2008). In doing so, it need not discuss 18 U.S.C. § 3584, if it properly considered the § 3553(a) sentencing factors, as required by § 3584. *United States v. Becker*, 636 F.3d 402, 408 (8th Cir. 2011); *United States v. Rutherford*, 599 F.3d 817, 822 (8th Cir. 2010).

The court here did not discuss § 3584.  Like the courts in *Rutherford* and *Becker*, "the district court could have more clearly articulated the correct authority for the imposition of consecutive sentences." *Rutherford*, 599 F.3d at 822.  But, like those cases, the court did the minimum necessary in considering the § 3553(a) sentencing factors when imposing consecutive sentences.  It noted its concerns with Mitchell's conduct, including his distribution of dangerous drugs with the potential for significant harm and his attempt to acquire a firearm during the drug trafficking.  It also discussed its concern that this was his second firearms offense.  The court did not abuse its discretion by imposing a consecutive sentence.  *Id*.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____