# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 23-2573

———————————————

United States of America

*Plaintiff - Appellee*

v.

Rayshawn Johnson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: April 8, 2024
Filed: June 4, 2024
[Unpublished]

——————————

Before BENTON, ARNOLD, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Rayshawn Montez Johnson pled guilty to conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

841(b)(1)(B), and 846. The district court[1] varied downward, sentencing him to 300 months in prison, with a consecutive 30 months for the revocation of supervised release in another case. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Johnson argues his below-guidelines sentence (range was 360 months to life) was substantively unreasonable. This court reviews for abuse of discretion. *United States v. Petersen*, 22 F.4th 805, 807 (8th Cir. 2022). A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only appropriate factors but in weighing those factors commits a clear error of judgment." *Id.* It "will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range— as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Johnson believes the court should have given more weight to his adverse childhood experiences. But the court considered this, along with his lengthy criminal history. It said:

> This is a complex, difficult, frustrating case. I have been working with the defendant for almost a decade now, and it makes me incredibly sad because the defendant is a young man. He's only 33. He had a pretty horrific childhood, but he, despite all of those issues, is clearly very bright.
>
> I've met a lot of really bad drug dealers in the sense of they're just not very good at it. Unfortunately, you are very good at it. I would even

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

say you are exceptional at it, and you are hugely successful at it, and I don't know how to make you stop.

I have tried sentencing you. I have tried revoking you. I have tried watching you. I have tried everything I know how to do as a judge to get you to stop. And you're not a small dealer. You're not, you know, slinging dime bags of marijuana. You're—you know, you sold 10,000 fentanyl pills in one go, in one deal. You had one shipment of methamphetamine that was 200 pounds, and you sold it in two weeks. You were shipping a quarter of a million dollars at a time to Mexico to buy drugs.

. . . .

There's a lot going on in your background that shows me why you maybe ventured down this path. I just don't know how to get you out of the world now. You've never really worked any kind of job for any length of time as an adult. You've always depended on drug dealing to support yourself.

. . . .

But ultimately here, under any computation, you're facing a long time in jail. Ultimately, what I think the appropriate sentence here is . . . 25 years on the first case and the 30-month term of imprisonment on the revocation case that has to be served consecutively because it is a different type of penalty that has to be imposed. So that ultimately is a sentence of 330 months between the two.

The court fully considered Johnson's circumstances and did not err in declining to vary downward further. *United States v. Deering*, 762 F.3d 783, 787 (8th Cir. 2014) ("[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further.").

II.

Johnson believes the court erred in imposing a consecutive sentence of 30 months for his supervised release violations.  Determining whether to impose consecutive sentences, the district court uses its discretion and considers the § 3553(a) factors.  *United States v. Valure*, 835 F.3d 789, 790 (8th Cir. 2016).  The court properly considered the § 3553(a) factors and did not abuse its discretion imposing this sentence consecutively.  *Id.* at 790-91.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____