# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1110

_____

United States of America

*Plaintiff - Appellee*

v.

Winston Dale Cave

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: November 18, 2024
Filed: December 31, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Winston Dale Cave pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 40 months

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

in prison and 3 years of supervised release.  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Cave contends that 18 U.S.C. § 922(g)(1) is unconstitutional as-applied to him because his prior Texas felony conviction for unauthorized use of a vehicle was nonviolent.  As Cave concedes, this argument is foreclosed by this court's precedent. *See United States v. Jackson*, 110 F.4th 1120, 1124–25 (8th Cir. 2024) (holding "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)").

Cave challenges the substantive reasonableness of his 40-month above-guidelines sentence (the range was 24 to 30 months).  This court reviews for abuse of discretion.  *United States v. Petersen*, 22 F.4th 805, 807 (8th Cir. 2022).  A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only appropriate factors but in weighing those factors commits a clear error of judgment."  *Id*.  It "will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable."  *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The court considered Cave's offense conduct—threatening to shoot police officers and holding an elderly man at gunpoint—along with earlier threats to shoot people, cursing and shouting at his children's school, striking a man and smashing his windshield, and an aggravated robbery.  The court's decision to impose an upward variance based on his "danger to the public" was not an abuse of discretion. *See United States v. May*, 70 F.4th 1064, 1073 (8th Cir. 2023) ("[A] sentencing court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

* * * * * * *

The judgment is affirmed.

_____