# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2660
_____

United States of America

*Plaintiff - Appellee*

v.

Frank Todd Burns

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 14, 2016
Filed: August 23, 2016

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

LOKEN, Circuit Judge.

Frank Todd Burns pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court[1] sentenced him to 97 months in prison. Burns appeals the sentence, arguing the court abused its discretion

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

by imposing unwarranted sentencing enhancements under U.S.S.G. § 2G2.2(b)(4)-(6), resulting in a substantively unreasonable sentence within his advisory guidelines range. We affirm.

## I.

On appeal, Burns first argues generally that the district court abused its discretion by relying on "child pornography guidelines" in § 2G2.2 that "deserve little deference" because they are "politically-motivated mandates" by Congress that are "not supported by empirical data." Burns presented this argument to the district court, which rejected it. As we have stated repeatedly, even if a district court "may disregard the child pornography sentencing guideline on policy grounds, [it] is not required to do so." United States v. Black, 670 F.3d 877, 882 (8th Cir. 2012). Thus, Burns's assault on § 2G2.2 "is not properly made to this court; our appellate role is limited to determining the substantive reasonableness of a specific sentence where the advisory guidelines range was determined in accordance with § 2G2.2." United States v. Shuler, 598 F.3d 444, 448 (8th Cir.), cert. denied, 560 U.S. 975 (2010); see United States v. Muhlenbruch, 682 F.3d 1096, 1102 (8th Cir. 2012).

## II.

Burns further argues that the district court abused its discretion by imposing specific, unwarranted § 2G2.2(b) enhancements. These contentions require a closer look at the offense of conviction and the sentencing record. We review the court's factual findings for clear error and its interpretation of the guidelines *de novo*. United States v. Dodd, 598 F.3d 449, 450 (8th Cir.), cert. denied, 561 U.S. 1037 (2010).

In December 2012, Burns's wife gave law enforcement agents three thumb drives belonging to her husband and also reported that Burns had sexually abused their daughter, RB, in 2007, when she was a minor. Forensic examination revealed

approximately 128 images of child pornography collected and viewed by Burns from 2006 to 2012. Some images downloaded from the internet showed adults vaginally and anally penetrating children. Other images were "morphed" by Burns -- he digitally inserted the faces of RB, his wife, and other acquaintances onto the bodies of women engaged in sexually explicit conduct in downloaded images, and inserted his face into some images to make it look as if he was having sex with his daughter.

During a 2012 interview with law enforcement, Burns admitted to morphing the images and explained that the images aroused him sexually. He also admitted to "inappropriately touching" RB on multiple occasions, beginning when she was thirteen or fourteen years old. On the first occasion, Burns fondled RB's bare breast and then kissed her breast and nipple while she was showering. The abuse continued over a four-year period and included reaching down RB's pants and touching pubic hair, though Burns denied touching her genitalia. At sentencing, a psychologist called by Burns as a defense witness agreed on cross-examination that Burns "was, in essence, over a period of time trying to seduce [RB] and get her more and more willing to engage in illicit sexual contact with him."

Burns's plea agreement included lengthy provisions relating to sentencing and the applicability of the advisory guidelines, including as part of Paragraph 11(b):

> The parties stipulate as a recommendation to the district court that the offense involved images of oral, anal, and vaginal sex acts with a minor, which constitutes sadistic conduct; the offense involved a computer or interactive computer service; and the defendant possessed over 100 images of child pornography . . . but under 150 images.

Based on this stipulation; the factual findings in the Presentence Investigation Report, to which Burns did not object; the testimony at sentencing; and the transcript of Burns's December 2012 interview, the district court overruled Burns's timely objections to the following enhancements: a 4-level increase for possession of sadistic

-3-

images, § 2G2.2(b)(4); a 5-level increase for engaging in "a pattern of activity involving the sexual abuse or exploitation of a minor," § 2G2.2(b)(5); and a 2-level increase for an offense that "involved the use of a computer," § 2G2.2(b)(6). These and other adjustments produced an advisory guidelines range of 78 to 97 months. After hearing from Burns, four defense witnesses, and RB, the district court imposed a 97-month sentence, denying Burns's request for a downward variance.

1.   Burns's challenge to the enhancements for "sadistic" material under § 2G2.2(b)(4) and for "the use of a computer" under § 2G2.2(b)(6) are without merit. Burns stipulated in Paragraph 11(b) of the plea agreement that "the offense involved images of oral, anal, and vaginal sex acts with a minor, which constitutes sadistic conduct," and that "the offense involved a computer or interactive computer service." Although the district court was not required to follow this guidelines stipulation, see, e.g., United States v. Randolph, 101 F.3d 607, 609 (8th Cir. 1996), the court did not abuse its discretion by applying these enhancements in determining the advisory guidelines range, particularly when Burns indisputably used a computer to morph and possess images that were "per se sadistic" under Eighth Circuit precedent. United States v. Koch, 625 F.3d 470, 480 (8th Cir. 2010); see Dodd, 598 F.3d at 453.

2.   The five-level enhancement in § 2G2.2(b)(5) applies if the defendant "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." "Pattern of activity" means "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor," whether or not the instances occurred during the offense of conviction, involved the same minor, or resulted in a conviction. Id. comment. (n.1). "Sexual abuse or exploitation" is defined to include enumerated state and federal offenses, and "an attempt or conspiracy to commit" any of the enumerated offenses. Id.

The enumerated offenses include 18 U.S.C. § 2243(a)(1), which prohibits knowingly engaging in a sexual act with a person who "has attained the age of 12

years but has not attained the age of 16 years." A "sexual act" includes "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to . . . arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D). Here, Burns admitted to "inappropriately touching" his minor daughter on several occasions, which included reaching into her pants to her pubic hair, conduct the defense expert described as an attempt "to seduce [RB] and get her more and more willing to engage in illicit sexual contact with him." The district court did not abuse its discretion in finding the § 2G2.2(b)(5) enhancement warranted on this sentencing record.

## III.

Finally, Burns argues that his within-range 97-month sentence is substantively unreasonable because the district court gave too little weight to mitigating factors -- his public service, work history, military service, and lack of criminal history -- and imposed a sentence greater than necessary to comply with 18 U.S.C. § 3553(a). We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, and we presume that a sentence imposed within the advisory guidelines range is reasonable. Black, 670 F.3d at 882. It is "the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Here, the district court considered the § 3553(a) factors and set forth a reasoned basis for its sentence. The court explained at length why it concluded that Burns's offense was "profoundly serious," emphasizing that Burns engaged in "hands on" abuse that damaged his daughter and family. At sentencing, RB gave a victim impact statement recounting how Burns's sexual abuse and demand that he keep the abuse hidden from her family made her "live a life of hell" and caused a decade's worth of "pain, heartache and suffering." The court further emphasized the "unusual fact" that

-5-

Burns had created his own child pornography by morphing the face of his daughter and others onto sexually explicit material. The court considered mitigating factors urged by Burns, and acknowledged evidence suggesting a low risk of recidivism. Ultimately, however, the court determined that the mitigating evidence did not outweigh the "damage that's been done and the unique nature of the conduct that's involved in this case." We conclude that the court did not abuse its substantial sentencing discretion in imposing a within-guidelines sentence.

The judgment of the district court is affirmed.

_____