# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2092

_____

United States of America

*Plaintiff - Appellee*

v.

Lisa Michelle Gray

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 9, 2017
Filed: January 13, 2017
[Unpublished]

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

PER CURIAM.

In July 2014, Lisa Gray went with her paramour Robert Thompson to Mexico, knowing there was an outstanding arrest warrant for Thompson on federal methamphetamine distribution charges. Gray asked family members for assistance while in Mexico and refused to disclose Thompson's whereabouts when she returned

to Little Rock, Arkansas, in December. She was indicted for felony concealing a person from arrest, see 18 U.S.C. § 1071, and released on pretrial supervision.

Thompson was arrested in January 2015 and detained in a Pulaski County facility. In April, county deputies were told that Thompson planned to introduce contraband into the facility by having a package dropped off in a jailer's parked car. Law enforcement surveillance units then observed Gray drop in the jailer's car a package that contained 7 grams of marijuana and 0.7 grams of methamphetamine. Gray admitted attempting to bring Thompson illegal drugs. Her bond was revoked, and a superseding indictment charged her with attempting to provide marijuana and methamphetamine to a prison inmate while on pretrial release in violation of 18 U.S.C. §§ 1791(a)(1) and 3147. She pleaded guilty to that charge; the government dropped the prior § 1071 charge.

In Gray's plea agreement, the parties stipulated that the base offense level was 13, see U.S.S.G. § 2P1.2(a)(2); she would receive a three level increase for committing the offense while on pretrial release[1] and a two level reduction for acceptance of responsibility; and neither party would seek a variance from the recommended guidelines sentencing range. The Presentence Investigation Report, adopted by the district court at sentencing, recommended a total offense level of 14 and criminal history category I, resulting in an advisory guidelines range of 15 to 21 months in prison. Without the favorable sentencing stipulations in the plea agreement, the range would have been 70 to 87 months.

---

[1]U.S.S.G. § 3C1.3 provides that, "[i]f a statutory sentencing enhancement under 18 U.S.C. § 3147 applies, increase the offense level by 3 levels." Section 3147(1) provides that a person convicted of an offense committed while on pretrial release "shall be sentenced" to a consecutive term of up to ten years in prison if the underlying offense is a felony, such as providing methamphetamine to an inmate. See § 1791(b)(1), (d)(1)(C).

At sentencing, Gray urged a sentence at the bottom of the range, 15 months. Consistent with its plea agreement, the government urged a within-range sentence. The district court[2] varied upward and sentenced Gray to 36 months in prison on the § 1791 offense and a consecutive 12 months on the § 3147 offense. The court explained:

> When I have contraband cases in jail, normally I'm pretty tough on defendants for that. And the reason why I am is because of what it takes to get drugs into a jail or into a prison.

> \* \* \* \* \*

> In this case . . . I have a person who was charged with a crime for running down to Mexico with somebody, a fugitive from justice. When they came back, she bonds out. He is still in jail. And while she's out on supervision, she's bringing him drugs in the jail. . . . [I]nstead of just going home, you're running up to the jail taking drugs.

> And, in fact, the guidelines actually take that into consideration. . . . And . . . the statute says . . . not only can I give her an extra ten years, but if I give her time, I'm to run it consecutively.

> \* \* \* \* \*

> [T]hese types of crimes are serious. . . . And it shows a total lack of respect for the law. . . . [U]nless people who communicate with guards . . . start getting more severe penalties, we will always have jails that are overrun with drugs.

On appeal Gray argues her 48-month sentence is substantively unreasonable because this "mine-run case" did not involve aggravating facts, "[a]ll criminal acts

---

[2]The Honorable Brian S. Miller, Chief Judge of the United States District Court for the Eastern District of Arkansas.

-3-

involve a disrespect of the law," and the district court's comment that it is generally tough on these types of cases reflected the absence of individualized assessment.

Reviewing the substantive reasonableness of Gray's sentence under a "highly deferential" abuse-of-discretion standard, see United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014), we affirm. The upward variance was quite modest. As the district court noted, § 3147 expressly authorized the court to impose a substantial, consecutive sentence because Gray committed a felony while on pretrial release. The court's additional explanation that offenders who smuggle drugs into jails and prisons warrant substantial sentences, regardless of the advisory guidelines range, reflected a rational, no doubt widely held sentencing policy. In any event, as we have repeatedly stated, a district court may disregard a sentencing guideline on policy grounds, but is not required to do so; "our appellate role is limited to determining the substantive reasonableness of a specific sentence." United States v. Burns, 834 F.3d 887, 889 (8th Cir. 2016) (quotation omitted). Having carefully reviewed the sentencing record from this perspective, we cannot conclude this is "the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc); see, e.g., Ferguson v. United States, 623 F.3d 627, 631-32 (8th Cir. 2010).

The judgment of the district court is affirmed.

_____