# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1088
_____

United States of America

*Plaintiff - Appellee*

v.

Kendrick Dotstry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 10, 2018
Filed: December 20, 2018
[Unpublished]

_____

Before LOKEN, MELLOY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Police responded to an emergency call reporting a man with a truck who was breaking windows and waiving and pointing a gun at a baby shower. When police arrived at the scene, they followed a truck matching the description in the call. The truck eventually stopped, and Defendant Kendrick Dotstry, also matching the description in the call, was driving. He eventually exited the vehicle unarmed and

admitted to police that he had a firearm in the center console. In addition, police discovered 16 oxycodone pills not prescribed to the defendant. The defendant later pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

At sentencing, over objection, the district court[1] adjusted the offense level upward by four levels pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because the defendant possessed the firearm in connection with another felony offense. The district court also granted a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in an adjusted advisory Guidelines range of 84 to 105 months. The defendant sought a downward variance, but the district court imposed a 96-month within-range sentence.

In addition, the defendant committed the current offense while on supervised release. The district court revoked his supervised release and imposed a revocation sentence of 30 months' imprisonment to run concurrently with his sentence for the firearm conviction. The revocation sentence reflected a downward variance in that U.S.S.G. § 7B1.3(f) provides any revocation sentence "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving."

The defendant appeals, arguing that the district court imposed a substantively unreasonable sentence for his § 922(g) conviction by failing to give more weight to (1) his disclosure of the firearm to police, or (2) several mitigating factors from his personal history. In making this challenge to the district court's weighing of the 18 U.S.C. § 3553(a) factors, however, he acknowledges that the district court expressly considered these very same factors. Having carefully reviewed the defendant's arguments and the record in this case, we find no abuse of the district court's

---

[1] The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

substantial discretion in its weighing of the relevant factors or in its imposition of a within-range sentence. See United States v. Burns, 834 F.3d 887, 890 (8th Cir. 2016) ("We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, and we presume that a sentence imposed within the advisory guidelines range is reasonable.").

We affirm the judgment of the district court.[2]

_____

_____

[2]The pending motion for appointment of counsel, for reconsideration of clerk order denying motion to file supplemental brief, and for extension of time to file supplemental brief is denied.