# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1406
_____

United States of America

*Plaintiff - Appellee*

v.

Jon Jason Anderson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: January 10, 2022
Filed: March 21, 2022
_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.
_____

LOKEN, Circuit Judge.

Following a consensual search of his home, Jon Jason Anderson admitted in recorded interviews to using Freenet, a "Dark Web" peer-to-peer file sharing software, to find and download child pornography. He claimed that any images or videos of children younger than 15 were inadvertently downloaded, and that he thought that he deleted illegal files. At a bench trial, the government introduced Anderson's recorded interviews and called five witnesses. Anderson's ex-wife

testified he had sexually abused his 12-to-13 year old stepdaughter. A computer forensics expert described the evidence recovered from Anderson's devices, including image cache files of previously-viewed child pornography, past search terms for toddlers, and software that automatically deletes files and user activity. Anderson called no witnesses and declined to testify in his own defense. The district court[1] convicted him of accessing the internet with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

At sentencing, the court applied multiple offense-specific enhancements under USSG § 2G2.2 and denied a reduction for acceptance of responsibility because Anderson exercised his right to trial. See USSG § 3E1.1, comment. n.2. His advisory guidelines sentencing range was 87 to 108 months' imprisonment. The government urged a within-Guidelines sentence. Anderson argued for a downward variance to 48 months. The district court imposed an 87-month sentence.

Anderson appeals, arguing the court abused its discretion by imposing a substantively unreasonable sentence. "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotations omitted). "[I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." Id. at 464. Applying this deferential standard of review, we affirm.

At sentencing, defense counsel argued at length for a downward variance, citing many factors -- Anderson's early acceptance of responsibility, family support,

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

lack of criminal history, and good behavior on pretrial release -- and asserting that the § 2G2.2 enhancements overstate the severity of his offense. The district court then explained at length its reasons for imposing a sentence at the bottom of Anderson's advisory guidelines range. In initially weighing the 18 U.S.C. § 3553(a) sentencing factors, the court noted that while there are mitigating factors to be credited, Anderson's offense conduct was "very aggravating." The court also explained that, like many others, it "has a policy disagreement with 2G2.2 of the guidelines," and almost always varies downward in § 2G2.2 cases.

The court then stated that, to determine whether a downward variance was appropriate in this case, it would apply the approach proposed by the United States Sentencing Commission in Chapter 12(C) of its 2012 *Child Pornography Report*[2] to "differentiate between offenders based on the content of the pornography at issue." The court applied each of the factors proposed by the Commission to Anderson and his offense conduct, an analysis that included the internet community involved -- "peer-to-peer sharing on the Dark Web . . . where the worst of the worst is stored and available" -- and Anderson's history, including his ex-wife's testimony regarding abuse of his minor stepdaughter. The court concluded that overall, his offense is "either typical or a little bit more aggravating than typical vis-a-vis other child pornography offenders." The court then examined at length each of the mitigating factors cited by Anderson, gave him considerable credit for those factors, but concluded that the § 2G2.2 guideline "gets it right in your particular case, and the lower end of that range . . . is appropriate."

The standard for reviewing whether a sentence is substantively unreasonable under the advisory guidelines is more controversial when the sentencing judge varies

---

[2]United States Sentencing Comm'n, Report to Congress: Federal Child Pornography Offenses 320-26 (Dec. 2012), available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_12.pdf.

based upon "the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case." Kimbrough v. United States, 552 U.S. 85, 109 (2007) (quotations omitted). We follow the Supreme Court's lead in Kimbrough – the sentence "should survive appellate inspection" when, as in this case, the district court properly weighed the impact of its overall disagreement with the § 2G2.2 enhancements *in this case* by calculating and considering the guidelines range, explicitly addressing the § 3553(a) factors, and considering the nature and circumstances of the crime and the defendant's criminal history and offender characteristics. Id. at 110-11. Here, the district court's focus on the Sentencing Commission's 2012 Child Pornography Report was one way to do that. The district court adopted a somewhat different approach in United States v. Abraham, 944 F. Supp. 2d 723 (D. Neb. 2013). What is essential to remember is that "the [Commission's] report does not invalidate § 2G2.2." United States v. Sigsbury, 817 F.3d 1114, 1115 (8th Cir. 2016). Thus, if a district court "opts to adhere to § 2G2.2, the normal standards of appellate review apply." United States v. Lynde, 926 F.3d 275, 281 (6th Cir.), cert. denied, 140 S. Ct. 326 (2019); see United States v. Burns, 834 F.3d 887 (8th Cir. 2016).

On appeal, Anderson argues his sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of § 3553(a).[3] He argues the district court did not give sufficient weight to mitigating factors he presented that warrant a downward variance. The court directly addressed and gave Anderson credit for these factors but concluded they did not outweigh aggravating factors and imposed a guidelines-range sentence, even though it usually varies downward when § 2G2.2 enhancements apply. Anderson claims that, in doing so, the court "made several erroneous assumptions about Mr. Anderson's conduct in this case," based upon law enforcement interview admissions that suggested he had a custom and

---

[3]He does not argue the district court committed procedural sentencing error; that argument would be plainly without merit. See Feemster, 572 F.3d at 461.

practice to view and delete as often as he could.  The district court presided over Anderson's bench trial and was thus familiar with the evidence.  The court found that Anderson's attempts to downplay his conduct in the law enforcement interviews were contradicted by evidence he searched for and found videos of three or four year old children, by his sophistication in regularly deleting images, and by his use of Dark Web peer-to-peer file sharing technology.  After careful review of the record, we conclude the district court did not commit a clear error of judgment or abuse its substantial sentencing discretion in weighing the § 3553(a) sentencing factors.  See, e.g., United States v. Adams, 12 F.4th 883, 887-88 (8th Cir. 2021); United States v. Short, 2 F.4th 1076, 1081 (8th Cir.), cert. denied,142 S. Ct. 626 (2021).

The judgment of the district court is affirmed.

_____