# United States Court of Appeals
### For the Eighth Circuit

———————————————————

No. 21-3548

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Frenchone One Horn, also known as Frenchone Kills In Water

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota - Western

——————————

Submitted: October 17, 2022
Filed: March 14, 2023

——————————

Before SMITH, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

——————————

SMITH, Chief Judge.

Frenchone One Horn pleaded guilty to two counts of assault resulting in serious bodily injury, one count of health care fraud, and one count of obtaining controlled substances by fraud. One Horn caused multiple persons, including her daughter and significant other, to inflict serious bodily injury on themselves. In some instances, she inflicted the injuries herself by using a rock to smash their hands. One

Horn secured their injuries to enable them to obtain pain medication for her use. Their injuries and the lack of prompt, proper treatment ultimately resulted in amputated fingers.

The district court[1] sentenced One Horn to 144 months in prison, a 36-month upward variance. She appeals, challenging the substantive reasonableness of her sentence. She argues that it resulted from "an unreasonable weighing decision in that it was unjustified by the record and explanation." Appellant's Br. at 5. One Horn contends that the district court failed to explain the low weight it accorded her mitigation points and supporting evidence. One Horn also argues that the district court's articulated reasons did not warrant an upward variance because the calculated Guidelines range sufficiently accounted for them.

"We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Petersen*, 22 F.4th 805, 807 (8th Cir. 2022).

"[D]istrict court[s] should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Feemster*, 572 F.3d 455, 460–61 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). The court should then "afford[] both parties an opportunity to argue 'for whatever sentence they deem appropriate'"; thereafter, "it 'should then consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party.'" *Id.* at 461 (quoting *Gall*, 552 U.S. at 49–50).

> A district court abuses its sentencing discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3)

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

considers only the appropriate factors but in weighing those factors commits a clear error of judgment.

*Petersen*, 22 F.4th at 807 (internal quotation marks omitted). "The district court need not thoroughly discuss every § 3553(a) factor; rather, a district court must make it clear on the record that it has considered the factors in making a decision as to the appropriate sentence." *United States v. Leonard*, 785 F.3d 303, 307 (8th Cir. 2015) (per curiam). And the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Kay*, 717 F.3d 659, 663 (8th Cir. 2013) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

Within-Guidelines-range sentences may be accorded a presumption of reasonableness on appeal, but sentences outside the Guidelines range cannot. *Gall*, 552 U.S. at 51. "Where a sentence is outside the advisory guideline range, we 'may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Lopez*, 856 F. App'x 61, 63 (8th Cir. 2021) (per curiam) (quoting *Gall*, 552 U.S. at 51). "[T]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Luleff*, 574 F.3d 566, 570 (8th Cir. 2009) (quoting *Gall*, 552 U.S. at 51).

In addition, "[a] district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors." *United States v. Farmer*, 647 F.3d 1175, 1180 (8th Cir. 2011). But "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, . . . the judge will normally go further and explain why he has rejected those arguments." *Kay*, 717 F.3d at 663.

The sentencing transcript belies One Horn's argument that the district court wrongly weighed the sentencing factors. On this record, we are satisfied that the court considered her mitigation points and had a reasoned basis for its decision. One Horn's assertions that "anyone who would do these acts obviously would not have been in her right mind" and that "the crimes were triggered by desperate instinct and addiction, not by sober-minded deliberation," Appellant's Reply Br. at 2, were rejected. The district court found that injuring one's own child is "not so uncommon as to put [it] outside the bounds of human behavior if a person is functioning in a way that they know exactly what they're doing." R. Doc. 60, at 77:12–14. The court also noted that One Horn appreciated the nature of her actions because

> [t]he judgments made are too consistent over time, and the nature of the conduct is too similar and extended temporally to be viewed as . . . the result of a mental illness or an addiction so deep that the person couldn't appreciate the wrongfulness of their conduct or the seriousness of the consequences to the victims here.

*Id.* at 78:21–79:2.

Further, despite One Horn's assertions to the contrary, the district court expressly accounted for her upbringing, prior abuse, and addiction. It stated, "we can't overlook the reality that she's had a very difficult journey in life herself, and then struggling with the addiction issues," *id.* at 80:3–5, but that "[i]t's not offered as an excuse for the behavior," *id.* at 80:5–6. The district court also noted that the seriousness of the crime warranted commensurate consequences, "especially when there's physical injury to five different victims in the setting of these facts." *Id.* at 80:23–24.

One Horn also argues that the district court should have considered her need for rehabilitation. But the district court addressed this need when imposing a term of supervised release, stating, "I really do see the term of supervised release as being

-4-

rehabilitative here. . . . [T]he best way to protect the community is to make sure that you get the help that you need, Ms. One Horn, in terms of rehabilitation." *Id.* at 81:7-14.

Ultimately, the court "assign[ed] relatively greater weight to the nature and circumstances of the offense," rather than One Horn's "mitigating personal characteristics," which was "within [the district court's] wide latitude in weighing relevant factors." *Farmer*, 647 F.3d at 1180. The district court noted the "extraordinary" nature of One Horn's assaults and that they are the "real counts here that are extreme and require punishment." R. Doc. 60, at 81:18–20. The district court commented on the "cruel" nature of the conduct and stated that it came "close to the nature of being offenses which really constitute a form of torture." *Id.* at 79:17–19. The district court also acknowledged the conduct of the dismissed counts in the case.

The defendant's egregious acts warranted an above-Guidelines sentence. After due consideration of the facts and the relevant factors, the resulting sentence was not substantively unreasonable. In short, "[t]his is not the unusual case when we reverse a district court's sentence as substantively unreasonable." *Kay*, 717 F.3d at 664 (cleaned up).

Accordingly, we affirm.

_____