# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3472
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Sweat

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 18, 2023
Filed: November 7, 2023
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Joshua Sweat photographed the genitalia of a young child that he occasionally babysat. Sweat then sent the photographs to a man he met on the internet. Sweat was charged with, and pleaded guilty to, one count of production of child pornography,

in violation of 18 U.S.C. §§ 2251(a) and (e). The district court[1] sentenced him to three hundred months' (twenty-five years) imprisonment and a lifetime term of supervised release. On appeal, Sweat argues that the district court did not give adequate weight to his disabilities, resulting in a substantively unreasonable sentence.

We review the substantive reasonableness of Sweat's sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (stating standard of review). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Id. at 461 (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)).

Sweat faced an advisory Guidelines sentence of life imprisonment, but a statutory range of fifteen to thirty years. In imposing Sweat's sentence, the district court considered the 18 U.S.C. § 3553(a) factors and explained why a twenty-five-year sentence was appropriate. As aggravating factors, the court discussed the nature and circumstances of the offense, as well as the need for Sweat's sentence to afford adequate deterrence and to protect the public. The court also addressed the mitigating factors—Sweat's "personal nature and characteristics." The district court observed that Sweat's "mental and emotional deficits mitigate just how responsible" he is and explained why these deficits gave the court "a reason to vary, not in a large way, but . . . a reason to vary down from what otherwise would be a 30-year sentence."

These were proper and relevant factors to consider. See 18 U.S.C. § 3553(a). The district court was within its discretion to weigh them as it did. See United States

---

[1] The Honorable Lee F. Rudofsky, United States District Judge for the Eastern District of Arkansas.

-2-

v. Frenchone One Horn, 62 F.4th 461, 463–64 (8th Cir. 2023) (observing that a district court has wide latitude, while weighing relevant factors, to give more weight to the nature and circumstances of the offense, and less to the defendant's mitigating characteristics). And the district court properly explained why, even considering Sweat's impairments, it rejected his bid for an even greater downward variance. See id. at 463 ("[W]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, . . . the judge will normally go further and explain why he has rejected those arguments." (quoting United States v. Kay, 717 F.3d 659, 663 (8th Cir. 2013))).

Sweat also challenges the Sentencing Guidelines, and their application here, on policy grounds. He argues that the Guidelines "reflexively" place defendants like him at or near the statutory maximum, which eliminates any meaningful distinction among offenders with varying degrees of culpability. "[A] district court 'may disregard the child pornography sentencing guideline on policy grounds, [but it] is not required to do so.'" United States v. Burns, 834 F.3d 887, 889 (8th Cir. 2016) (quoting United States v. Black, 670 F.3d 877, 882 (8th Cir. 2012)). Here, the district court considered, but largely disagreed with, Sweat's policy argument. That decision was within its institutional discretion, and we owe it substantial deference. See Gall v. United States, 552 U.S. 38, 51–52 (2007); Burns, 834 F.3d at 889 ("[O]ur appellate role is limited to determining the substantive reasonableness of a specific sentence where the advisory guidelines range was determined in accordance with [the applicable Guideline]." (first quoting United States v. Shuler, 598 F.3d 444, 448 (8th Cir. 2010), cert. denied, 560 U.S. 975 (2010); and then citing United States v. Muhlenbruch, 682 F.3d 1096, 1102 (8th Cir. 2012))).

Because the district court did not impose a substantively unreasonable sentence, see Feemster, 572 F.3d at 461–62, we affirm.

_____