# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1360

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Holzknecht, originally named as Justin Anthony Holzknecht

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: October 16, 2023
Filed: November 16, 2023
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Justin Holzknecht pled guilty to a single count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The Presentence Investigation Report (PSR) described Holzknecht's arrest in possession of a cellular phone containing a video of a prepubescent boy performing oral sex on an adult as well as text messages between Holzknecht and an undercover law enforcement

officer in which Holzknecht described his efforts to "groom" his eight-year-old brother to perform sexual activity with him.  Neither Holzknecht nor the Government objected to the factual statements contained in the PSR or to the calculation of the United States Sentencing Guidelines (Guidelines) range of 46 to 57 months.  The district[1] court accepted the PSR and varied upward, sentencing Holzknecht to 96 months imprisonment to be followed by 15 years of supervised release.  Holzknecht appeals the sentence, contending that the district court erred by varying upward based upon improper factors and factors already accounted for in the Guidelines and that the sentence is substantively unreasonable.  Finding no error, and having jurisdiction under 28 U.S.C. § 1291, we affirm.

The PSR reached its proposed Guidelines range by applying: (1) a two-level enhancement based upon the specific offense characteristic that the offense involved a prepubescent minor who had not attained the age of 12; (2) a four-level increase based upon the fact that the offense involved material that portrayed sadistic or masochistic conduct; and (3) a two-level increase based upon the finding that the offense involved at least 10 images but fewer than 150 images.  In explaining the reasons for the sentence, the district court stated that it had considered the 18 U.S.C. § 3553(a) factors, particularly noting the need for deterrence and the protection of the public as well as the nature and circumstances of the offense, including the text messages' description of Holzknecht's grooming of his eight-year-old brother, his online discussion of these grooming activities with an undercover officer, and the fact that the child pornography was contained in a video found on Holzknecht's mobile phone.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard."  United States v. Anwar, 880 F.3d 958, 973 (8th Cir. 2018).  A district court abuses its discretion in imposing a sentence, whether within or above the Guidelines range,

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

where it "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Ali, 799 F.3d 1008, 1033 (8th Cir. 2015) (citation omitted).

Holzknecht first asserts that the district court abused its discretion by giving significant weight to the text messages from Holzknecht to an undercover officer. Holzknecht contends that by doing so the district court "essentially punished Holzknecht for alleged crimes for which he was not even accused." Appellant Br. 12. However, the description of the text messages and the surrounding facts are set forth in the PSR, to which Holzknecht did not object. And the "district court[] may rely on unobjected-to paragraphs in a PSR." United States v. Sarchett, 3 F.4th 1115, 1120 (8th Cir. 2021) (citing Fed. R. Crim. P. 32(i)(3)(A)). Further, the text messages, which were sent on both the day of Holzknecht's arrest and the day before, constitute part of the "nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "[a] district court has wide discretion at sentencing as to the kind of information considered or its source." United States v. Pratt, 553 F.3d 1165, 1170 (8th Cir. 2009) (citation omitted). Relevant information may include "criminal activity for which the defendant has not been prosecuted." Id. The district thus was entitled to rely on Holzknecht's text messages with an undercover officer.

Next, Holzknecht argues that the district court varied upward based on the seriousness of the offense and the fact that it involved "graphic child pornography," factors which were already accounted for in the calculation of Holzknecht's advisory Guidelines range. However, the district court found that the facts of this case "take[] this out of the normal category of cases, it takes it out of the run-of-the-mill case, and it takes it out of the guidelines range," and, it is well established that "courts may vary upward based on factors already considered under the Guidelines if they determine 'the weight the Guidelines assigned to a particular factor was insufficient.'" United States v. Petersen, 22 F.4th 805, 808 (8th Cir. 2022) (citation

-3-

omitted).  The district court thus did not err in considering these factors in imposing an upward variance.

Finally, Holzknecht asserts that the district court imposed a substantively unreasonable sentence when it varied upward from the Guidelines range, contending that the district court placed too much weight on the content of his text messages. Here, the district court considered the § 3553(a) factors, including mitigating factors, but it found Holzknecht's grooming activity described in his text messages particularly aggravating.  This was within the district court's discretion.  See United States v. One Horn, 62 F.4th 461, 463 (8th Cir. 2023) ("[A] district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors." (citation omitted)).  The district court thus did not abuse its discretion in imposing Holzknecht's sentence.

We affirm the district court.

_____