# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-1602
_____

United States of America

*Plaintiff - Appellee*

v.

Glen Robert Anderson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: November 13, 2023
Filed: January 22, 2024
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

KELLY, Circuit Judge.

Glen Robert Anderson pleaded guilty to two counts of production and attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (c); one count of enticement of a minor, in violation of 18 U.S.C. § 2422(b); and one count of interstate communication with intent to extort, in violation of 18 U.S.C.

§ 875(d). The district court[1] sentenced him to a total term of twenty years in prison and twelve years of supervised release. On appeal, he argues that his custodial sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

"We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." United States v. Burns, 834 F.3d 887, 890 (8th Cir. 2016) (citation omitted). A district court abuses its discretion when it considers the appropriate factors but commits a clear error of judgment in weighing those factors. United States v. Anderson, 29 F.4th 388, 389 (8th Cir. 2022) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). A district court has wide latitude in weighing relevant factors, including discretion to assign more weight to the offense's nature and circumstances than to the defendant's "mitigating personal characteristics." See United States v. Frenchone One Horn, 62 F.4th 461, 463 (8th Cir. 2023) (quoting United States v. Farmer, 647 F.3d 1175, 1180 (8th Cir. 2011)). That said, at sentencing a district court should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own decision-making authority. Rita v. United States, 551 U.S. 338, 356 (2007) (citing United States v. Taylor, 487 U.S. 326, 336–37 (1988)). "Where [a party] presents nonfrivolous reasons for imposing a different sentence, . . . the judge will normally go further and explain why he has rejected those arguments." Id. at 357; see also Frenchone One Horn, 62 F.4th at 463 (same).

Anderson asserts that the district court improperly weighed the 18 U.S.C. § 3553(a) sentencing factors when it imposed a sentence above the statutory minimum sentence of fifteen years. The record does not support that conclusion. The court found, and the parties agreed, that the advisory Guidelines recommended a lifetime of imprisonment. But the district court used the Guidelines only as a starting point. See Gall v. United States, 552 U.S. 38, 49 (2007). The court observed that

---

[1]The Honorable Patrick J. Schiltz, Chief Judge, United States District Court for the District of Minnesota.

when applied to child pornography offenses, the Guidelines "almost always recommend sentences that are far in excess of what is needed to accomplish the goals of Section 3553(a)," with Anderson's case providing a good example. As a result, and as it is permitted to do, the district court decided that the relevant Guidelines were entitled to "little weight." Cf. United States v. Munjak, 669 F.3d 906, 907 (8th Cir. 2012) (observing a district judge may, but is not required to, "deviate from the guidelines based on a policy disagreement with the Sentencing Commission").

The district court then carefully considered the § 3553(a) factors. It viewed the nature and circumstances of the offense as an aggravating factor, finding that Anderson had "committed a series of extremely serious crimes" that arose out of his "grooming" of two minors. These acts included "possessing child pornography, inducing his victims to produce child pornography and share it with [him], engaging in the hands-on sexual abuse of [a minor], producing child pornography by recording [it], and attempting to extort [a victim] to keep quiet." The court also found additional factors to be aggravating, including the "entrenched nature" of Anderson's behavior, his lack of insight or "any objective pang of conscience," and his apparent high risk of reoffending. See United States v. Fight, 625 F.3d 523, 526 (8th Cir. 2010) (discussing risk of reoffending and history of similar behavior as "relevant considerations" along with other factors under § 3553(a)).

Nevertheless, the district court varied downward "significantly" from the Guidelines range, "not only because of [its] strong disagreement with that range, but because of the many significant mitigating factors in this case." These factors included Anderson's young age when he began his offense conduct, that he was close in age to his victims, and that he appeared to lag behind his peers in emotional and social development. The court noted that Anderson had suffered childhood abuse and neglect, including as the victim of multiple instances of "sexual abuse and sexual exploitation." It also took into consideration Anderson's lack of criminal record, his cooperation with law enforcement, his acceptance of responsibility, and his apparent "serious mental illness and serious mental disability." Although Anderson faults the district court's assessment of the need for his sentence to

effectively provide him with training, medical care, or other treatment, the district court credited Anderson's "desperate[]" need for "sustained mental health treatment that he never received" as a mitigating factor in his favor and "there was no suggestion that the court lengthened the sentence on account of this factor." United States v. Pickar, 666 F.3d 1167, 1169 (8th Cir. 2012) (citation omitted).

Anderson's sentence was not substantively unreasonable. "The record reflects the district court considered all relevant factors, did not consider any irrelevant or improper factors, and imposed a sentence only after carefully weighing all the appropriate information before it." United States v. Adams, 12 F.4th 883, 887–88 (8th Cir. 2021). Moreover, it carefully considered Anderson's argument that a lower sentence was warranted. It agreed that Anderson presented "many significant mitigating factors" and varied below the advisory Guidelines range. To the extent Anderson suggests his prison sentence should have been shorter because he could receive any necessary treatment within fifteen years, this is only one of several factors a district court weighs in imposing sentence. See 18 U.S.C. § 3553(a). Considering those factors here, the court found that other factors warranted a sentence above the statutory minimum and it explained why, despite Anderson's arguments to the contrary, it believed that a twenty-year sentence was sufficient, but not greater than necessary, to comply with the purposes of § 3553(a). See Frenchone One Horn, 62 F.4th at 463.[2] The district court has the discretion to assign more weight to some factors than others. See id. (citing Farmer, 647 F.3d at 1180). We discern no clear error in judgment regarding how the district court exercised its discretion to weigh the relevant factors here. See Anderson, 29 F.4th at 391.

---

[2]On appeal, Anderson also argues—as he did to the district court—that he is entitled to a lower sentence than a defendant in a different case in a different circuit. Even if we assume that the comparator defendant and Anderson are similar, "[w]e have declined to require that a district judge 'must compare and contrast the defendant under consideration with a similar offender who has been sentenced by another federal judge.'" United States v. Harvey, 890 F.3d 1130, 1133 (8th Cir. 2018) (quoting United States v. Barron, 557 F.3d 866, 869 (8th Cir. 2009)).

We affirm.

_____