# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2185

_____

United States of America

*Plaintiff - Appellee*

v.

Keri Kopriva

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 17, 2024
Filed: January 8, 2025
[Unpublished]

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Keri Kopriva appeals the within-Guidelines sentence the district court[1] imposed after she pled guilty to wire fraud. Her counsel has moved for leave to withdraw, and

_____

[1]The Honorable C.J. Williams, Chief Judge of the United States District Court for the Northern District of Iowa.

has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing her sentence was substantively unreasonable and the district court erred in not accounting for the time Kopriva previously spent in a residential reentry center pursuant to the terms of her state probation.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Kopriva, as it properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors; the sentence was within the advisory Guidelines range; and the district court considered the state sentence on the record and determined that a downward variance was not warranted. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review); <u>United States v. Anderson</u>, 90 F.4th 1226, 1227 (8th Cir. 2024) (district court has wide latitude in weighing relevant factors); <u>United States v. Miner</u>, 544 F.3d 930, 932 (8th Cir. 2008) (appellate court may presume sentence within properly calculated guidelines range is reasonable).

Having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. Accordingly, we affirm and grant counsel's motion to withdraw.

_____