# United States Court of Appeals
### For the Eighth Circuit
_____

No. 24-2392
_____

United States of America

*Plaintiff - Appellee*

v.

Zachary Bradley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: March 11, 2025
Filed: March 14, 2025
[Unpublished]
_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Zachary Bradley appeals the below-Guidelines sentence the district court[1] imposed after he pled guilty to child pornography offenses and attempted sex

---

[1]The Honorable Kristine G. Baker, Chief Judge, United States District Court for the Eastern District of Arkansas.

trafficking of a minor. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Counsel moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence was substantively unreasonable. Bradley has filed a supplemental pro se brief, raising a claim of ineffective assistance of counsel.

Upon careful review, this court concludes that the district court did not impose a substantively unreasonable sentence, as it properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors; and the sentence was below the advisory Guidelines range. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (abuse of discretion review); *United States v. Anderson*, 90 F.4th 1226, 1227 (8th Cir. 2024) (district court has wide latitude in weighing relevant factors; downward variance substantively reasonable where court carefully considered § 3553(a) factors); *United States v. McCauley*, 715 F.3d 1119, 1127 (8th Cir. 2013) (when district court varies below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying further). This court declines to address Bradley's claim of ineffective assistance of counsel. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment is affirmed and counsel's motion to withdraw is granted.

_____