# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2908

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Ellis, also known as Jut

*Defendant - Appellant*

_____

No. 24-2945

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Ellis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: May 12, 2025
Filed: May 15, 2025
[Unpublished]

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

In these consolidated cases, Justin Ellis appeals the sentences the district court[1] imposed after he pleaded guilty to a new drug offense, and his supervised release for a prior offense was revoked. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Ellis's counsel has moved for leave to withdraw and has filed a brief challenging the substantive reasonableness of the sentences. Upon careful review, this court concludes that the district court did not impose a substantively unreasonable sentence for the new offense, as it properly considered the 18 U.S.C. § 3553(a) factors; there is no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors; and the sentence was within the advisory Guidelines range. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (abuse of discretion review); *United States v. Anderson*, 90 F.4th 1226, 1227 (8th Cir. 2024) (district court has wide latitude in weighing relevant factors); *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008) (appellate court may presume sentence within properly calculated Guidelines range is reasonable). This court also concludes that the district court did not abuse its discretion in imposing the revocation sentence, as there is no indication that it failed to consider a relevant 18 U.S.C. § 3553(a) factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors, and the revocation sentence was within the statutory maximum. *See United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009) (abuse of discretion review); 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 2 years if underlying offense is Class C felony); *see also* 18 U.S.C. § 3584(a) (district court may impose consecutive or concurrent sentences).

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____