# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3458

_____

United States of America

*Plaintiff - Appellee*

v.

Bob Arthur Phillips

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: June 22, 2025
Filed: June 25, 2025
[Unpublished]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Bob Phillips appeals the below-Guidelines sentence the district court[1] imposed after he pled guilty to distributing child sexual abuse material. Phillips entered a

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

conditional guilty plea preserving his right to appeal his sentence and the denial of a motion to suppress evidence. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in denying Phillips's motion to suppress, and that his prison term is substantively unreasonable.

We first find no error in the denial of the motion to suppress. See United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020) (standard of review). The July 2023 search warrant authorized law enforcement to seize any depiction of child sexual abuse--including photographs, videos, and computer files--which reasonably may have been contained in the seized cell phones. See United States v. Oliver, 950 F.3d 556, 564-65 (8th Cir. 2020) (cell phones may be seized when they may contain other items specifically listed in search warrant). The delay in requesting the October 2023 search warrant was reasonable, as the initial search was completed within a few days of the July warrant, Phillips never requested the return of the cell phone, and the case agent explained why he prioritized analyzing the data extracted from other seized electronic devices. See United States v. Mays, 993 F.3d 607, 616-17 (8th Cir. 2021) (reasonableness of delay determined by totality of circumstances); United States v. Bragg, 44 F.4th 1067, 1072-73 (8th Cir. 2022) (defendants who never sought return of seized property did not prove delay in search adversely affected interests protected by Fourth Amendment). Alternatively, the good-faith exception would apply to both warrants, which were duly signed by state court judges. See United States v. Leon, 468 U.S. 897, 913 (1984) (evidence seized by officers reasonably relying on warrant issued by detached and neutral magistrate is admissible); United States v. Escudero, 100 F.4th 964, 968 (8th Cir. 2024) (under Leon good-faith exception to exclusionary rule, evidence will not be suppressed if executing officer's reliance upon warrant was objectively reasonable).

We also conclude that the district court did not impose a substantively unreasonable sentence, as it properly considered the 18 U.S.C. § 3553(a) factors;

there is no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors; and the sentence was below the advisory Guidelines range. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (abuse of discretion review); United States v. Anderson, 90 F.4th 1226, 1227 (8th Cir. 2024) (district court has wide latitude in weighing relevant factors); United States v. McCauley, 715 F.3d 1119, 1127 (8th Cir. 2013) (when district court varies below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying further). We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment.

_____