# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2221
_____

United States of America

*Plaintiff - Appellee*

v.

David D. Larvie, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: May 12, 2025
Filed: July 29, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

David D. Larvie, Jr. pleaded guilty to escape from custody after tampering with his ankle monitor during his term of home custody, in violation of 18 U.S.C. §§ 751(a) and 4082(a). The district court[1] sentenced him to 27 months'

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

imprisonment with no term of supervised release to follow. Larvie challenges the substantive reasonableness of his sentence on appeal. We affirm.

Larvie was previously convicted in 2021 of being a prohibited person in possession of a firearm and was sentenced to serve 60 months' imprisonment. On November 6, 2023, Larvie transitioned to home confinement to serve the remainder of his sentence. On the evening of December 3, 2023, Larvie removed his GPS ankle monitoring device. Early the next morning, law enforcement responded to a reported burglary at a nearby bank. When they arrived, they found Larvie outside the building. Witnesses told officers that Larvie had broken multiple windows at the bank. Larvie was charged with, and ultimately pleaded guilty to, one count of escape, in violation of 18 U.S.C. §§ 751(a) and 4082(a).

The presentence investigation report (PSR) determined Larvie's total offense level to be 11, and his criminal history score placed him in category VI. The PSR calculated Larvie's Guidelines range to be 27 to 33 months' imprisonment. At sentencing, Larvie's counsel requested a sentence of time served with a requirement that he complete a recovery program outside of custody. Larvie's counsel argued that Larvie's actions resulted from post-traumatic stress disorder. Larvie suffered the loss of three family members due to sudden deaths in a matter of weeks. The last of the three, his niece, hit him particularly hard as it was a suspected homicide. This news caused him to "beg[in] drinking alcohol" because he "was beside himself with grief." Appellant's Br. at 2.

Following arguments of counsel, the district court sentenced Larvie to 27 months in custody to run concurrently with the time remaining on a prior conviction. The court found that "a sentence within [his] [G]uideline[s] range [was] appropriate." R. Doc. 41, at 25. The district court noted that Larvie's escape occurred only one month into his "opportunity to leave the Bureau of Prisons' custody and come back into society." *Id.* at 23. Additionally, while on home detention, Larvie "picked up two new charges" pending in state court, and the instant conviction would be his "seventh felony conviction." *Id.* at 23–24. The district court acknowledged

-2-

Larvie's "traumatic" loss of three family members but reasoned that "the way to address that is to not start drinking heavily and then committing, or allegedly committing, a new crime." *Id.* at 24. The district court agreed that a recovery program "is something that would help [Larvie] transition from being in custody to being out." *Id.* However, the court reasoned that "because this escape happened within a month of [Larvie] going into home confinement," it did not feel that "sentencing [Larvie] to time served here is the appropriate punishment, especially since [he was] in Criminal History Category VI." *Id.* at 25.

"We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Patterson*, 131 F.4th 901, 912 (8th Cir. 2025). "A district court abuses its discretion if it 1) fails to consider a significant factor it should have, 2) gives significant weight to an improper or irrelevant factor, or 3) considers the appropriate factors but commits a clear error of judgment in weighing them." *United States v. Soliz*, 857 F.3d 781, 783 (8th Cir. 2017) (citing *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "The district court has wide latitude to weigh the [18 U.S.C] § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Pierre*, 912 F.3d 1137, 1144 (8th Cir. 2019) (internal quotation marks omitted). "A sentence within the Guidelines range is presumptively reasonable." *Id.*

On appeal, Larvie argues that the district court abused its discretion because it failed to give sufficient weight to his mitigating circumstances. Here, Larvie's sentence was within the Guidelines range and is presumptively reasonable. The district court expressly acknowledged his mitigating factors but found that Larvie's extensive criminal history and recent escape outweighed them. *See United States v. Frenchone One Horn*, 62 F.4th 461, 463 (8th Cir. 2023) ("[A] district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors." (internal quotation marks omitted)). "The court weighed the relevant information differently than [Larvie] would have hoped . . . but there was no 'clear error of judgment.'" *United States v. Scherer*, 114 F.4th

987, 993 (8th Cir. 2024) (quoting *United States v. Clark*, 998 F.3d 363, 369 (8th Cir. 2021)). The district court did not abuse its discretion in imposing Larvie's 27-month sentence.

Therefore, we affirm.

_____